1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES LLC,

        Plaintiff,

  v.

GUADALUPE MENDOZA,

        Defendant.

_____/

No. C 11-03699 JSW

**ORDER DENYING
APPLICATION TO PROCEED *IN
FORMA PAUPERIS* AND
REMANDING ACTION**

Plaintiff Aurora Loan Services LLC filed a complaint for unlawful detainer against Defendants Arturo Gutierrez, Cristina Gutierrez and Does 1-5 in the Superior Court of California in the County of Solano.  Guadalupe Mendoza, apparently a renter at the subject property, filed an answer in state court and a notice of removal.  Mendoza removed this action from Solano County Superior Court on July 27, 2011.  Mendoza has applied to proceed with this lawsuit *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  The district court may deny IFP status and even where the filing fee is paid may dismiss a complaint if federal subject matter jurisdiction is lacking or if the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

**United States District Court**
For the Northern District of California

1   Mendoza removed this state court action on the basis that jurisdiction is premised upon a

2   federal question.  (*See* Notice of Removal.)  "[A]ny civil action brought in a State court of

3   which the district courts of the United States have original jurisdiction, may be removed by the

4   defendant ... to the district court of the United States for the district and division embracing the

5   place where such action is pending."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,

6   463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

7   However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v.*

8   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of

9   establishing federal jurisdiction for purposes of removal is on the party seeking removal, and

10  the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*,

11  372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

12  1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

13  the first instance."  *Gaus*, 980 F.2d at 566.

14  "The presence or absence of federal-question jurisdiction is governed by the 'well-

15  pleaded complaint rule.'"  *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987).  The well-

16  pleaded complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or

17  she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Thus, under the

18  well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint

19  establishes either that federal law creates the cause of action or that the plaintiff's right to relief

20  necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd.*,

21  463 U.S. 1, 27-28 (1983).

22  This matter is an unlawful detainer action and, thus, federal law does not create the

23  cause of action.  Moreover, the Court concludes that the claim will not necessarily depend upon

24  the resolution of a substantial question of federal law, because Plaintiff need not prove

25  compliance with the federal law relied upon by Defendants to establish its claim.  *See, e.g.,*

26  *Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

27  Furthermore, a court cannot exercise removal jurisdiction on the ground that the

28  complaint gives rise to a potential or an anticipated *defense* that might raise a federal question,

even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court DENIES Mendoza's application to proceed *in forma pauperis*, and REMANDS this case to Superior Court of the State of California for the County of Solano. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated:   August 10, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

AURORA LOAN SERVICES LLC,

            Plaintiff,

   v.

GUADALUPE MENDOZA et al,

            Defendant.
_____/

Case Number: CV11-03699 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arturo Gutierrez
262 Moorland Street
Vallejo, CA 94590

Cristina Gutierrez
262 Moorland Street
Vallejo, CA 94590

Guadalupe Mendoza
262 Moorland Street
Vallejo, CA 94590

Dated: August 10, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk